## JENNER v. DICKINSON.

## THIBODEAU v. DICKINSON.

---

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE; EVIDENCE.

1. Where, in an interference case, it appeared that one of the parties used his machine before the other party's date of conception, and the machine was operated successfully, although it was not so perfect as a machine

built by the other party, it was *held* that the former was the first inventor.

2. Where one of the parties to an interference claimed to have conceived the invention in 1889, but the testimony on his behalf was full of inconsistencies and contradictions, and it appeared that he waited three years before filing his application, and during that time kept his machine concealed under a heap of rubbish, although there was a demand in the trade for such an invention, it was *held* that he had not established his case.

Nos. 288 and 290. Patent Appeals. Submitted March 17, 1905. Decided April 4, 1905.

HEARING on two appeals from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. A. P. Browne* and *Mr. J. A. Watson* for the appellant Jenner.

*Mr. William Quinby* for the appellant Thibodeau.

*Mr. F. W. Winter, Mr. A. C. Denison,* and *Mr. J. L. Norris, Jr.,* for the appellee Dickinson.

Mr. Justice MORRIS delivered the opinion of the Court:

These are appeals from the decision of the Commissioner of Patents in an interference case, wherein there were originally five contestants, but only two have brought their case to this court. The subject-matter of controversy is a candy-pulling machine intended to do away with the old method of pulling candy by hand; and the invention is stated in the proceedings in the Patent Office in the following language: "A candy-pulling machine comprising a plurality of oppositely-disposed candy hooks or supports, a candy-puller, and means for producing a specified relative in-and-out motion of these parts for the purpose specified."

For this invention Herbert M. Dickinson, of Grand Rapids, Michigan, filed an application on November 5, 1901; Herbert L. Hildreth, of Boston, Massachusetts, on September 21, 1900; Charles Thibodeau, of Somerville, Massachusetts, on November 26, 1900; Robinson and Deiter, of Lancaster, Pennsylvania, on July 12, 1902; and Edward J. Jenner, of San Antonio, Texas, on November 13, 1902.

Of these Robinson and Deiter took no testimony, and relied upon their filing date (July 12, 1902), which was subsequent to that of Hildreth, Thibodeau, and Dickinson. Of course they cannot prevail; and they dropped out of the case after the decision of the Examiner of Interferences, from which they seem to have taken no appeal. Hildreth, also, has dropped out of the case. The decision of the Examiner of Interferences was adverse to him; and he did not appeal from it. However, he owns by assignment the invention or claim of Jenner; and it is he, in fact, and not Jenner, who is prosecuting. And he is also involved in two other interferences with Thibodeau upon substantially the same subject-matter now pending before this court. Only the claims of Jenner, Thibodeau, and Dickinson are now here pending before us; and the claims of Thibodeau and Dickinson have been assigned to Kitzmiller and Duff, of Pittsburg, Pennsylvania.

Jenner, in his preliminary statement, alleges conception of the invention by him in 1896; drawings and disclosure about February 1, 1898; and reduction to practice about February 1, 1899.

Dickinson, in his statement, alleges conception, drawings, and disclosure by him in September of 1895, and reduction to practice on January 29, 1900.

Thibodeau, in his statement, alleges conception and disclosure by him in 1894, a drawing and a model made by him in 1897, and reduction to practice on June 11, 1900. Thibodeau, it may be remarked, at the time of his alleged invention, was a machinist in the employment of Hildreth, and deputed, it would seem, by the latter to make tests and improvements on candy-pulling machines; and it is the same act that is regarded as a

reduction to practice both by Thibodeau and Hildreth, the issue between these two being that of originality rather than that of priority of invention.

Upon the testimony adduced in the case all the tribunals of the Patent Office concurred in awarding judgment of priority of invention to Dickinson; and Jenner and Thibodeau have appealed to this court.

We find no sufficient reason to question the correctness of the conclusions reached by the tribunals of the Patent Office in these interferences. We think those conclusions were fully warranted by the evidence. Taking it as the pivotal point in the controversy, that Dickinson reduced the invention to practice by the construction of an operative machine, if it was operative, on or about January 29, 1900, and that he applied for a patent for the invention within two years thereafter, on November 5, 1901, we find that Thibodeau confessedly did not conceive the invention, as embodied in the machine constructed by him, until May 10, 1900, at least three months afterward, and then only after seeing one of Dickinson's machines. So there is no reasonable ground for controversy between Dickinson and Thibodeau, other than the question of the operativeness of Dickinson's machine. But this operativeness has been amply proved. Undoubtedly Dickinson's machine is not the best of those that have been offered in evidence in this case: Thibodeau's is probably an improvement on it; but it embodies the principle of the invention, and it has been successfully operated. To that effect is the great preponderance of the evidence.

The real contest in this case is between Dickinson and Jenner; but this has been rightly decided in favor of Dickinson. Jenner claims to have conceived the invention and embodied it in an operative machine as early as September of 1899; but the testimony adduced to establish his claim is full of inconsistencies and contradictions, and does not greatly commend itself to our consideration. If he conceived the invention, as he claims he did, as far back as 1899, he waited for over three years, until November 13, 1902, before he filed his application, and did nothing whatever in the meantime except to keep his machine

concealed under a heap of rubbish, and to take it out occasionally, according to his own statement, merely to experiment with it. And yet he seems to have read a notice of Dickinson's invention in 1900; and during all the time for which he waited there was great demand for some such article in the trade, and there would have been great use for it even in his own establishment. And at last, when he entered into the field, it was under circumstances of great suspicion, induced to do so by Hildreth, to whom his invention now belongs. We cannot attach any value to the testimony adduced on his behalf.

We agree with the Commissioner of Patents and the other tribunals of the Patent Office that Dickinson is clearly entitled to judgment of priority of invention. The decision of the Commissioner is therefore affirmed.

The clerk will certify this opinion and the proceedings in this court to the Commissioner of Patents according to law.

*Affirmed.*